UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **RANDY PATTERSON**          )<br>                                                )<br>         **Plaintiff,**                 )<br>                                                )<br>    vs.                                      ) **CASE NO.**<br>                                                )<br>**AMERICAN FOOD AND**         )<br>**VENDING ENTERPRISES, INC.** )<br>                                                )<br>         **Defendant.**              )<br>                                                ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Randy Patterson ("Patterson" or "Plaintiff"), by counsel, brings this action against Defendant, American Food and Vending Enterprises, Inc., ("Defendant"), for violating the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*, the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §621 *et. seq.*, the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*, and Section 510 of the Employee Retirement Income and Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1440 *et seq*.

### II. PARTIES

2. Patterson is a resident of Hardee County in the State of Florida; however, at all times relevant to this action, Patterson resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant conducts business within the geographical boundaries of the Southern District of Indiana.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. §626(c) *et seq.*; 29 U.S.C. §1132; 29 U.S.C. §2617(a)(2); and 42 U.S.C. §12117(a).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5) and 29 U.S.C. §630(b).

6. Defendant is a "person" within the meaning of 29 U.S.C. §1002(9).

7. Defendant maintains and sponsors an "employee welfare benefit plan"; "employee benefit plan"; and "plan" for its employees as defined by the 29 U.S.C. §1002(1)-(3).

8. Patterson is an "employee" as that term is defined by 42 U.S.C §12111(4) and 29 U.S.C. §630(f).

9. Patterson is a "beneficiary" within the meaning of 29 U.S.C. §1002(8).

10. Patterson satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on disability and age. Patterson received the required Notice of his Right to Sue and timely files this action.

11. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

12. Patterson was hired by Defendant on or about March 11, 2019. Most recently, he served as a Supervisor.

13. In or about July 2021, Patterson informed Defendant that he thought that he might retire on October 1, 2022.

14. In or about March 2022, Patterson received a positive performance appraisal; however, he was informed that he would not get a salary increase because of his impending retirement.

15. In or about January 2022, Patterson injured his elbow while unloading soft drinks for a driver. When it was still bothering him several weeks later, he sought medical treatment and was instructed by his health care provider not to use his right arm. Patterson gave his restrictions to Regional Manager, Justin McDonald ("McDonald"); but they were ignored.

16. As a result of his request being ignored, Patterson's hand did not heal properly, and in March, he was referred to a surgeon. The surgeon put him on eight weeks of therapy and, when that did not improve the elbow, he was scheduled for surgery on May 2, 2022. Patterson took off one week of work for the surgery. Following his surgery, he was placed on restrictions of 0-5lbs for an additional six weeks.

17. Patterson requested to go on medical leave; however, he was informed that "it was too much paperwork."

18. Patterson was enrolled in short-term and long-term disability insurance benefit plans through the Defendant and premiums were deducted from his paycheck.

19. Patterson was not given the opportunity to take leave under the FMLA.

20. On or about May 23, 2022, Defendant terminated Patterson's employment for alleged inventory related issues; however, the issues with the inventory were equally, if not more, the responsibility of McDonald.

21. McDonald, who is younger than Patterson, was not disciplined regarding the inventory issues.

## V. CAUSES OF ACTION
## COUNT I: DISABILITY DISCRIMINATION

22. Patterson hereby incorporates paragraphs one (1) through twenty-one (21) of his Complaint as if the same were set forth at length herein.

23. Defendant violated Patterson's rights as protected by the ADA, 42 U.S.C. §12101 *et seq.* by discriminating against him because of his actual or perceived disability. Defendant failed to provide him with a reasonable accommodation and subjected him to disparate treatment because of his disability in violation of the ADA.

24. Patterson's employment was terminated because of his disability.

25. Defendant's actions were intentional, willful, and in reckless disregard of Patterson's rights as protected by the ADA.

26. Patterson has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: AGE DISCRIMINATION

27. Patterson hereby incorporates paragraphs one (1) through twenty-six (26) of his Complaint as if the same were set forth at length herein.

28. Patterson's employment was terminated because of his age.

29. Defendant's actions were intentional, willful, and in reckless disregard of Patterson's rights as protected by the ADEA.

30. Patterson has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: FMLA INTERFERENCE

31. Patterson hereby incorporates paragraphs one (1) through thirty (30) of his Complaint as if the same were set forth length herein.

32. Defendant unlawfully interfered with the exercise of Patterson's rights by not providing him with leave to which he was entitled.

33. Defendant's actions were intentional, willful, and in reckless disregard of Patterson's rights as protected by the FMLA.

34. Patterson suffered damages as a result of Defendant's unlawful actions.

## COUNT IV: ERISA INTERFERENCE

35. Patterson hereby incorporates paragraphs one (1) through thirty-four (34) of his Complaint as if the same were set forth length herein.

36. Defendants interfered with Patterson's ability to attainment of a benefit under its employee benefit plan in violation of the Employee Retirement Income and Security Act of 1974, as amended, 29 U.S.C. § 1132(1)(B).

37. Defendant's actions were intentional, willful, and in reckless disregard of Patterson's rights as protected by the ERISA.

38. Patterson suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Randy Patterson, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Reinstate Patterson's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Patterson of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Liquidated damages for Defendant's violations of the FMLA and ADEA;

5. Compensatory damages for Defendant's violations of the ADA;

6. Punitive damages for Defendant's violations of the ADA;

7. The benefits to which he was entitled under ERISA;

8. All costs and attorney's fees incurred as a result of bringing this action;

9. Pre- and post-judgement interest on all sums recoverable; and

10. All other legal and/or equitable relief this Court sees fit to grant.

> Respectfully submitted,
>
> BIESECKER DUTKANYCH & MACER, LLC
> By: /s/ Andrew Dutkanych
> Andrew Dutkanych, Atty. No. 23551-49
> 144 North Delaware Street
> Indianapolis, IN 46204
> Telephone: (317) 991 - 4765
> Email: ad@bdlegal.com
> *Counsel for Plaintiff, Randy Patterson*

## DEMAND FOR JURY TRIAL

Plaintiff, Randy Patterson, by counsel, requests a trial by jury on all issues deemed so triable.

> Respectfully submitted,
>
> BIESECKER DUTKANYCH & MACER, LLC
> By: /s/ Andrew Dutkanych
> Andrew Dutkanych, Atty. No. 23551-49
> 144 North Delaware Street
> Indianapolis, IN 46204
> Telephone: (317) 991 - 4765
> Email: ad@bdlegal.com
> *Counsel for Plaintiff, Randy Patterson*